### YOUKER v. YOUKER et al.

### In re LAURENT.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

CONTEMPT—GROUNDS—FAILURE TO COMPLY WITH ORDER OF COURT.

The fact that a referee in partition for a long time improperly withheld payment from a party of her distributive share of moneys in his hands payable to her under the judgment, while sufficient to render him subject to a proper application to the court to compel compliance on his part with the judgment, was no justification for holding him as for a contempt in failing to comply with an order directing plaintiff in the action to proceed therewith and continue therein with all reasonable dispatch to judgment.

Appeal from Special Term, Fulton County.

Action by Alonzo Youker against Fremont Youker and others. From an order denying his application to vacate an order adjudging him guilty of a contempt and imposing a fine, Fred C. Laurent, referee in said action, appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Clarence A. Leavitt, for appellant.
Charles A. Stone, for respondent.

CHESTER, J. The appellant has been adjudged guilty of contempt of court in willfully disobeying the order of the court made on the 22d day of December, 1906, by refusing and neglecting to pay over to the defendant Fannie Barker her distributive share of the moneys in his hands, being the proceeds of the sale of land in this action as directed in said order. Reference to the order of December 22, 1906, shows that it contains no such direction. That order commands the plaintiff, and not the appellant, to proceed with said action and to continue therein with all reasonable dispatch to final judgment. There was no requirement in that order that the appellant should do anything, and nothing appears showing that he has in any respect violated it. The fact that he, as referee in partition, for a long time improperly withheld payment from the respondent of her distributive share of the moneys in his hands payable to her under the judgment, was sufficient to render him subject to a proper application to the court to compel compliance on his part with the judgment; but that fact is no justification for holding him as for a contempt in failing to comply with the order referred to, for he has not been shown guilty of any violation of that order.

The order should be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.